UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00409-MR

| DAYSHAWN BECKHAM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| FNU PETTERSON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's letter, [Doc. 5], which the Court construes as a motion for appointment of counsel. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.    BACKGROUND**

Pro se Plaintiff Dayshawn Beckham is a pretrial detainee currently housed at Central Prison in Raleigh, North Carolina.[1] He filed this action on August 2022, pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Petterson and FNU Philip, both identified as DART [Direct Action Response

---

[1] Plaintiff alleges that he is currently housed at Central Prison as a "safekeeper" due to the incident forming the basis of this Complaint. [Doc. 1 at 8].

Team] officers employed by the Mecklenburg County Sheriff's Office, in their individual capacities. [Doc. 1 at 2]. Plaintiff alleges that, on June 2, 2022, while detained at the Mecklenburg County Jail, Defendants beat him while his hands were restrained behind his back. Plaintiff injuries included two black eyes, one eye swollen shut, a laceration to his head, a fractured eye socket, a fractured nose, and staples in his head. Plaintiff alleges that CMC Hospital told him that he needs plastic surgery for his face, but he has not yet received it. [Id. at 5]. Plaintiff claims that this conduct violated his right to be free from excessive force and cruel and unusual punishment. [Id. at 3]. Plaintiff seeks monetary relief, plastic surgery for his face, and to be released from prison. [Id.].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force

3

Case 3:22-cv-00409-MR Document 10 Filed 10/04/22 Page 3 of 6

claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, he has sufficiently stated a claim against Defendants Petterson and Philip under the Fourteenth Amendment based on the use of excessive force to pass initial review.

## IV.  PLAINTIFF'S MOTION

Plaintiff has filed an uncaptioned, unsigned letter, which the Court construes as a motion for appointment of counsel. In this motion, Plaintiff asks the Court to assign him a new attorney. [Doc. 5]. He states that he wants to fire his attorney because his attorney has made no effort to write or see Plaintiff about his case since March 2022. [Id]. Plaintiff states he has written his attorney several times and asked him to file certain pleadings on Plaintiff's behalf, which the attorney has not done. [Id.]. Plaintiff presumably is referring to his attorney in his state criminal proceeding. Plaintiff is advised that this Court has no authority over the status of Plaintiff's counsel in his state criminal proceeding. As such, to the extent Plaintiff intended to move

4

for appointment of counsel in the instant case, Plaintiff's request is denied. Plaintiff must seek new counsel in his state criminal proceeding.

Moreover, Plaintiff's letter is entirely improper in any event. It contains no case number, no case captain, and no signature. Plaintiff is referred to the Order of Instructions [Doc. 3] and to Rule 11 of the Federal Rules of Civil Procedure. The Order of Instructions provides: (1) "All documents filed in this case must include the case number at the top of the first page; (2) "Letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court;" and (3) "Only documents properly filed with the Clerk of Court will be docketed in this case." [Doc. 3 at ¶¶ 4, 5]. Rule 11(a) provides that, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented…. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

**<u>Plaintiff is admonished that future improper filings in this matter may be summarily denied and/or stricken from the record in this matter</u>**.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's claim against Defendants Petterson and Philip for violation of Plaintiff's Fourteenth

5

Case 3:22-cv-00409-MR   Document 10   Filed 10/04/22   Page 5 of 6

Amendment rights based on the use of excessive force survives initial review.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's claim based on the use of excessive force against Defendants Petterson and Philip in their individual capacities survives initial review in accordance with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 5] is **DENIED**.

The Clerk of Court is instructed to mail two (2) blank summonses to Plaintiff to fill out and identify Defendants Petterson and Philip for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. When the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants Petterson and Philip.

**IT IS SO ORDERED**.

Signed: October 3, 2022

Martin Reidinger
Chief United States District Judge