UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00409-MR

| DAYSHAWN BECKHAM, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| FNU PETTERSON, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's recent filings, which include "Plaintiff opposess defendant's counterclaim and ask to dismiss counterclaim," [Doc. 44 (errors uncorrected)], and a "Motion for Summary Judgement for Plaintiff" [Doc. 46 (error uncorrected)].

Pro se Plaintiff Dayshawn Beckham ("Plaintiff") is a pre-trial detainee currently housed at Central Prison in Raleigh, North Carolina. On August 16, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendants FNU Petterson and FNU Philip, both identified as Direct Action Response Team (DART) officers employed by the Mecklenburg County Sheriff's Office. [Doc. 1 at 2]. Plaintiff alleged that, on June 2, 2022, while detained at the Mecklenburg County Jail, Defendants beat him while his hands were restrained behind his back. [Id. at 5]. Plaintiff's Complaint

passed initial review. [Doc. 10]. Recently, the Court denied Defendants' motion to dismiss this matter for Plaintiff's failure to exhaust administrative remedies. [Doc. 37]. Thereafter, Defendants answered Plaintiff's Complaint and asserted a counterclaim for battery against Plaintiff. [Doc. 43]. On March 9, 2023, the Court entered its Pretrial Order and Case Management Plan, setting the discovery deadline as July 7, 2023. [Doc. 41].

Since filing his Complaint, Plaintiff has filed numerous improper letters and other documents in this case. [See Docs. 5, 14, 15, 19, 21, 22, 26, 29, 30, 34-36, 38, 40]. At least three times, the Court has admonished Plaintiff against such future filings, warning him that future improper filings may be summarily denied and/or stricken from the record or result in dismissal of this action. [Doc. 10 at 5; Doc. 37 at 12; Doc. 42 at 3]. The Court has repeatedly and specifically advised Plaintiff to review the Federal Rules of Civil Procedure and the Local Rules of this Court before he files any further documents in this case. [Doc. 37 at 12; Doc. 42 at 2]. Most recently, the Court warned Plaintiff as follows:

> Because Plaintiff has repeatedly demonstrated an unwillingness to abide the Court's Orders, governing law and procedure, and warnings by this Court as he prosecutes this case, **the Court hereby expressly warns Plaintiff that future improper and/or frivolous filings with this Court will result in dismissal of this action.**

[Doc. 42 at 3 (emphasis in original)]. Again undeterred by the Court's warnings, Plaintiff now moves to dismiss the Defendants' counterclaim, claiming only that he did not do what they say he did, and for summary judgment. [Docs. 44, 46]. Plaintiff presents no forecast of evidence and makes no argument in support of his wholly premature summary judgment motion. [See Doc. 46]. Rather, he "asks the Court for summary judgement for Plaintiff and not to go to trial." [Id.].

The Court will exercise its inherent power to sanction conduct and dismiss Plaintiff's Complaint without prejudice for Plaintiff's continued and egregious failures to abide the Court's Orders, governing law and procedure, and warnings by this Court. See Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.") (citation and internal quotation marks omitted). The Court cannot continue to permit Plaintiff's undeterred abuse of the judicial process and willful disrespect for the law and this Court. The Court will direct Defendants to either voluntarily dismiss without prejudice their counterclaim or notify the Court that they intend to pursue it within

fourteen (14) days of this Order. If the Defendants voluntarily dismiss their counterclaim, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motions [Docs. 44, 46] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Defendants shall either file a voluntary dismissal of their counterclaim without prejudice or notify the Court that they intend to pursue it within fourteen (14) days of this Order.

**IT IS SO ORDERED**.

Signed: April 25, 2023

Martin Reidinger
Chief United States District Judge

4

Case 3:22-cv-00409-MR   Document 48   Filed 04/26/23   Page 4 of 4